Kirsch, Judge. dissenting.
[1] I respectfully dissent.
[2] Co-workers who testify at Unemployment Compensation hearings provide essential services to claimants, employers and the claims process. Often, they are the only unbiased witnesses, and their testimony is essential to the process, to the parties and to correct decision-making by the Administrative Law Judges who hear the claims. The importance of such witnesses to the claims process is not related to, or *1095 dependent upon, whether a subpoena is issued to secure their attendance.
[3] Officer Forest Perkins was discharged by Memorial Hospital of South Bend. The hospital's stated reason for the termination-a failure to pay a small sum for gravy in the hospital's cafeteria--was found by the trial court to be pretextual. The court determined that actual reason for the termination was that the officer testified at a former co-employee's Unemployment Compensation Hearing.
[4] The majority states that Officer Perkins was told that he had been subpoenaed and would receive the subpoena at the hearing. When the hospital did not contest the co-employee's claim, the Administrative Law Judge did not issue the subpoena. Memorial Hospital of South Bend then discharged Officer Perkins.
[5] Assuming the trial court was correct in finding that Memorial Hospital's stated reason for the termination was false, it has suffered no consequence from its wrongful behavior. On the other hand, Officer Perkins testified truthfully and suffered a very significant consequence: he was terminated from his employment.
[6] Common sense tells us that this is not good law.